UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TRIVISTA OIL CO., LLC, *Plaintiff* | § § § | |
| v. | § § | CIVIL NO. 1:21-CV-1073-RP |
| G2 TECHNOLOGIES, CORP., *Defendant* | § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ROBERT PITMAN
    UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Rule 12(b)(6) Motion to Dismiss the Fraud and Fraudulent Inducement Claims of Defendant, G2 Technologies, Corp. (Dkt. 8), filed December 14, 2021, and G2 Technologies, Corp.'s Memorandum in Response (Dkt. 10), filed December 28, 2021. On April 25, 2022, the District Court referred the Motion to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I. General Background

Plaintiff Trivista Oil Co., LLC is a Texas limited liability oil and gas company located in Lee County, Texas. Defendant G2 Technologies, Corp. is a Canadian Stock Exchange company located in British Columbia. On August 23, 2021, the parties entered into a Purchase and Sale Agreement (the "Agreement") in which Trivista agreed to sell G2 certain oil, gas, and mineral leases and associated equipment located in Lee and Bastrop Counties for $8 million. Dkt. 7-2 at 1-3. The Agreement required G2 to make a $400,000 deposit with a mutually agreed escrow agent (the "Deposit") within 10 days of execution. *Id.* at 3. G2 made the Deposit on September 7, 2021.

Trivista alleges that on October 6, 2021, G2 informed Trivista that G2 needed a 60-day extension to secure financing. Trivista alleges that G2 never obtained the necessary funding and instead sent Trivista a defect notice, accusing it of failing to provide G2 with necessary due diligence documents and information to effectuate the closing. Trivista alleges that it responded to G2's complaints, but G2 nevertheless sent Trivista a Notice of Default on October 21, 2021, stating that it was terminating the Agreement and demanding a refund of the Deposit.

On October 25, 2021, Trivista filed this breach of contract and declaratory judgment action against G2 in state court, seeking to recover the Deposit as liquidated damages under the terms of the Agreement. Dkt. 1-2. In response, G2 filed an Original Counterclaim against Trivista, alleging breach of contract, fraud, and fraudulent inducement, and sought a declaratory judgment. Dkt. 1-5. On November 24, 2021, G2 removed this case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441(b).

In its Motion to Dismiss G2's fraud and fraudulent inducement counterclaims, Trivista argues that the claims fail to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Dkt. 8. On December 28, 2021, the same day it filed a response opposing the Motion, G2 filed a First Amended Counterclaim against Trivista, removing its fraud counterclaim and adding additional allegations to its fraudulent inducement claim. Dkt. 9 ¶¶ 30-43.

## II. Analysis

As with an amended complaint, an amended counterclaim supersedes the original counterclaim and becomes the operative counterclaim. *C&M Oilfield Rentals, LLC v. Location Illuminator Techs., LLC*, No. 18-CV-00039-DC, 2019 WL 11687712, at *1 (W.D. Tex. Oct. 11, 2019), *R. & R. adopted*, 2019 WL 7759126 (W.D. Tex. Oct. 30, 2019); *Harris Const. Co., LTD. v. GGP-Bridgeland, L.P.*, 698 F. Supp. 2d 723, 728 n.7 (S.D. Tex. 2010). Once an amended counterclaim is filed, all earlier motions directed at the original counterclaim are rendered moot. *Rivers & Hills*

*Hosp. Grp., LLC v. GTB Rest. Texas, LLC*, No. A-19-CV-00519-SH, 2020 WL 129104, at *1 (W.D. Tex. Jan. 10, 2020); *C&M Oilfield Rentals*, 2019 WL 11687712, at *1. Accordingly, G2's First Amended Counterclaim renders moot Trivista's Motion to Dismiss.

### III. Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Rule 12(b)(6) Motion to Dismiss the Fraud and Fraudulent Inducement Claims of Defendant, G2 Technologies, Corp. (Dkt. 8) as **MOOT** without prejudice to re-filing.

It is **ORDERED** that the Clerk **REMOVE** this case from the undersigned's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

### IV. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on June 1, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE