UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TRIVISTA OIL CO., LLC, | § | |
| *Plaintiff* | § | |
| v. | § | |
| | § | CIVIL NO. 1:21-CV-1073-RP |
| G2 TECHNOLOGIES, CORP., | § | |
| *Defendant* | § | |

**ORDER**

Before the Court are Plaintiff's Rule 37(b) Motion for Sanctions Against Defendant G2 Technologies, Corp., filed October 28, 2022 (Dkt. 37); Defendant's Response to Plaintiff's Rule 37(b) Motion for Sanctions, filed November 4, 2022 (Dkt. 38); and Plaintiff's Reply, filed November 10, 2022 (Dkt. 40). By Text Order entered January 5, 2023, the District Court referred the motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

**I.   Background**

This is a contract dispute between Plaintiff Trivista Oil Co., LLC and Defendant G2 Technologies Corp. The parties entered into a Purchase and Sale Agreement ("PSA") in which Trivista agreed to sell certain oil, gas, and mineral leases and related equipment to G2 for $8 million, but the deal was never consummated. Trivista seeks to recover G2's $400,000 deposit as liquidated damages, while G2 counterclaims for breach of contract and fraudulent inducement.

On August 5, 2022, Trivista filed a motion to compel G2 to respond to its initial disclosures and requests for production. Dkt. 35. G2 did not respond to the motion to compel. The Court granted Trivista's motion to compel as unopposed under Local Rule CV-7(d)(2) and ordered G2 to respond to Trivista's requests for production and amend its initial disclosures pursuant to Rule 26(a)(1)(A)(iii) by August 26, 2022. Dkt. 36 ("Order") at 1.

Trivista contends that G2 failed to fully comply with the Order and now seeks sanctions. Trivista argues that G2 failed to produce requested financing documents, lender information, documents reflecting misrepresentations or fraud, due diligence documentation, and documents enabling it to own and operate assets.

G2 responds that it has fully complied with the Order. First, G2 states that it served amended initial disclosures in which it (1) identified additional third parties who may possess discoverable information, and (2) supplemented its categorized and computed damages. G2 also avers that it has produced all documents within its possession, custody, or control responsive to Trivista's discovery requests. G2 supplemented its initial documentary discovery responses with 1,078 pages of responsive documents, and submits that it made available for inspection all non-privileged documents that support its damages computation.

While acknowledging that G2 "slightly modified" its disclosures and produced approximately 1,000 pages of documents, Trivista contends that G2 provided:

> (i) a limited number of documents responsive to the requests—many of which make it clear additional documents exist; (ii) numerous duplicate documents previously produced; (iii) email correspondence identifying previously unknown individuals and entities relevant to this matter; (iv) and email correspondence without referenced attachments or forwarded email correspondence that did not include a prior attachment; and (v) a perfunctory response of claimed fraudulent inducement damages in the precise amount of $1,612,744.22 without documents or other means of determining how that amount was calculated.

Dkt. 37 at 3, 6. Trivista asks the Court to sanction G2 by:

a. finding that G2 shall not be permitted to argue or present evidence that is satisfied its burden to secure financing at least three days prior to closing of the PSA;

b. finding that G2's failure to timely secure financing breached the PSA;

c. holding that G2 is prohibited from introducing evidence, whether documentary evidence not previously produced;

    d. holding that G2 is prohibited from providing testimony by or through any witness not previously identified;

    e. finding that G2 failed to satisfy legal requirements to close under the PSA;

    f. holding that G2 is precluded from introducing and evidence of damages arising out of or in connection to its fraudulent inducement claims;

    g. striking G2's claim for damages arising out of or in connection with its fraudulent inducement claims; and

    h. ordering G2 pay Trivista's attorneys' fees and costs incurred in filing the Motion to Compel, seeking subsequent compliance with the Court's order and filing this Motion.

*Id.* at 15.

G2 argues that the Court should deny the motion for sanctions because Trivista has not established the essential elements under Rule 37, and that the "allegations set forth in Trivista's Motion are false or otherwise attributable to Trivista's own actions or inaction." Dkt. 38 at 1. G2 contends that the motion "amounts to little more than assumptions and conjecture that additional documents should or must exist." *Id.* at 5.

The Court held a hearing on Trivista's motion for sanctions on February 3, 2022, and heard oral argument from counsel. As stated at the hearing, the Court rules as follows.

## II. Analysis

Federal Rule of Civil Procedure 37(b)(2)(A) provides: "If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Such "orders" may include imposing monetary sanctions; striking pleadings; staying further proceedings until the order is obeyed; prohibiting the disobedient party from supporting or opposing designated claims or defenses; directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action; dismissing the action or proceeding in whole or in part; rendering a default judgment

against the disobedient party; and treating as contempt of court the failure to obey any order. FED. R. CIV. P. 37(b)(2)(A), (C).

While courts have "broad discretion under Rule 37(b) to fashion remedies suited to the misconduct," this discretion is limited. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012). First, sanctions under Rule 37(b) must be "just" and "specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982). In addition, before imposing litigation-ending sanctions (sometimes called "death penalty" sanctions), a district court must make four additional findings: "(1) the discovery violation was committed willfully or in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the violation substantially prejudiced the opposing party; and (4) a lesser sanction would not substantially achieve the desired deterrent effect." *L. Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758-59 (5th Cir. 2019) (cleaned up). The Fifth Circuit instructs that "sanctions should not be used lightly, and should be used as a lethal weapon only under extreme circumstances." *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994).

**A.  Initial Disclosures**

With respect to G2's initial disclosures, counsel for Trivista represented at the hearing that it seeks documents required under Rule 26(a)(1)(A)(iii):

> a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

G2 stated in its Initial Disclosures that such documents are available for inspection and copying, but Trivista has not asked to inspect them. Counsel for G2 reiterated at the hearing that G2 would

4

make all required documents available to Trivista, including those "on which each computation is based." *Id.* The parties also agreed to work together to access documents G2 produced via phz file. Because G2 has made the documents required by Rule 26 available to Trivista, Trivista's motion for sanctions is **DENIED** as to G2's initial disclosures.

**B.  Requests for Production**

In its response brief, G2 states that it has produced all documents in its possession responsive to Trivista's discovery requests. Counsel for G2 further represented at the hearing that G2 has searched for all documents responsive to Trivista's requests for production and withheld none. The Court agrees with G2 that "Plaintiff's instant motion amounts to little more than assumptions and conjecture that additional documents should or must exist." Dkt. 38 at 5. Accordingly, Trivista's motion for sanctions is also **DENIED** as to G2's document production.

### III.  Conclusion

Trivista has not shown that G2 violated the Court's Order issued August 18, 2022. Because Trivista has not established a violation of the Order, sanctions are not appropriate under Rule 37(b)(2)(A). Plaintiff's Rule 37(b) Motion for Sanctions Against Defendant G2 Technologies, Corp. (Dkt. 37) is **DENIED**.

The Court concludes by reminding counsel of their obligation to work cooperatively to resolve any future discovery disputes promptly, without the need for court intervention, which will greatly enhance the efficient prosecution of this case. *See* FED. R. CIV. P. 1 (stating that rules should be employed by the court and parties "to secure the just, speedy, and inexpensive determination of every action and proceeding").

The Court further **ORDERS** the Clerk to **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

**SIGNED** on February 3, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE